No. 44,148

Emory Kelsey, *Appellee*, v. State of Kansas, *Appellant*.

(400 P. 2d 736)

Opinion filed April 10, 1965.

*Richard H. Seaton*, Assistant Attorney General, argued the cause, and *Robert C. Londerholm*, Attorney General, was with him on the brief for the appellant.

No appearance for the appellee.

The opinion of the court was delivered by

Price, J.: Plaintiff, a prisoner in the state penitentiary, brought this proceeding under the provisions of K. S. A. 60-1507, to correct his sentence.

The state has appealed from an order granting relief.

The background of the matter is this:

On October 27, 1953, in the district court of Neosho county, plaintiff, being represented by county appointed counsel, was, on

his plea of guilty, convicted of the offense of forgery in the second degree. He was sentenced to confinement in the penitentiary for a term of not more than ten years. After serving a portion of such sentence he was, on a date not shown, placed on parole.

While on parole from the Neosho county sentence, plaintiff was charged in the district court of Allen county with the offense of forgery in the second degree—it being charged that such offense occurred on November 10, 1955. On February 8, 1956, in the district court of Allen county, plaintiff, being represented by court appointed counsel, was convicted of the offense as charged. Having been previously convicted three times of a felony he was, on February 17, 1956, sentenced to confinement in the penitentiary for a term of twenty years, such sentence being imposed under the habitual criminal statute, G. S. 1949, 21-107a, and the provisions of G. S. 1949, 21-109, now K. S. A. 21-107a and 21-109 respectively. The court did not specify when such sentence was to commence— that is, it was not specified whether it was to be served concurrently with the unserved Neosho county sentence or whether it was to commence at the expiration of that sentence.

The provisions of K. S. A. 60-1507, became effective on January 1, 1964. On August 6, 1964, plaintiff, being still confined in the penitentiary, filed an application in the district court of Allen county alleging that the prison authorities were holding him on the basis that his Allen county sentence did not commence to run until the expiration of his Neosho county sentence, and he sought an order to the effect that such sentences were to run concurrently.

At this point two statutes should be mentioned.

On November 10, 1955, the date of the Allen county offense, and also on February 17, 1956, the date of the Allen county sentence, G. S. 1949, 62-1528 was in full force and effect. It provided that any prisoner at large upon parole or conditional release who shall commit a fresh crime, and upon conviction thereof shall be sentenced anew to the penitentiary, shall be subject to serve the second sentence after the first sentence is served or annulled, and said second sentence is to commence from the termination of his liability upon the first or former sentence.

That statute was repealed by the legislature in 1957 and was replaced by what now appears as K. S. A. 62-2251, effective July 1, 1957, which provides that any prisoner who commits a crime while at large on parole or conditional release and is convicted and sentenced therefor shall serve such sentence concurrently with the

term under which he was released—unless otherwise ordered by the court in imposing sentence for the new offense.

An August 21, 1964, in passing on plaintiff's application for correction of his sentence, the district court of Allen county, while recognizing the language of the mentioned statutes and their application or nonapplication to the question presented, nevertheless corrected the Allen county sentence to the extent that as of July 1, 1957, it should begin to run concurrently with whatever unexpired time there may have remained to be served on the Neosho county sentence as of that date. Its order reads:

"The question presented by the defendant's petition for correction of his sentence is a novel one which seems to have some merit.

"At the time the defendant was sentenced in 1956, the Kansas law (G. S. 62-1528) provided that a sentence imposed while the defendant was paroled on a previous conviction should begin to run at the end of the former sentence.

"In 1957 the legislature amended the law to make the new sentence under those circumstances run concurrently with the former sentence unless the sentencing judging otherwise prescribed (G S. 1961 Suppl. 62-2251). The new law became effective July 1, 1957.

"The 1956 sentence did not specify whether it should run concurrently or consecutively as the law at that time gave the court no discretion in the matter, the sentences being made consecutive as a matter of law.

"However, it may in this case be assumed that had the 1957 law been in effect at the time Mr. Kelsey was sentenced in 1956, the court would have permitted the sentence to run concurrently with the former sentence.

"While the 1957 law is not retroactive in effect, it seems that the ends of justice are served by giving effect to the 1957 law as of the time it became operative. In other words, Mr. Kelsey's 1956 sentence in this court should begin to run on July 1, 1957, concurrently with whatever unexpired time may have been left to go on the former sentence as of that date.

"It is so ordered."

We believe the court erred in so ruling.

The penalty for an offense is that provided by statute at the time the offense was committed. Under the statute in effect on the date of the offense in Allen county, and also on the date of the sentence therefor, such sentence did not commence to run until the expiration of the prior Neosho county sentence. (*McQueen v. Crouse*, 192 Kan. 821, 391 P. 2d 68, and cases cited in the opinion.) The 1957 enactment is not to be applied retroactively. It follows, therefore, that no portion of the Allen county sentence is to run concurrently with any portion of the prior Neosho county sentence.

The judgment is reversed.