No. 51,266

STATE OF KANSAS, *Appellee,* v. KENNETH HUTCHISON, *Appellant.*

(615 P.2d 138)

Opinion filed July 18, 1980.

*Craig Shultz,* of Shultz, Fisher, Monnat & Shultz, of Wichita, argued the cause and was on the brief for the appellant.

*Michael Barbara,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Kenneth H. Hutchison was tried and convicted on two counts of aggravated robbery and one count of aggravated burglary. He was acquitted on a murder charge. His codefendant, John Purdy, was tried and convicted in a joint trial on all similar counts including murder. Separate appeals were perfected. We are concerned here with the appeal of Kenneth H. Hutchison. We will consider the four points raised but first the facts.

On September 1, 1977, in the evening, John Purdy, Jack Jeffries, Jessica Finn and the defendant were riding around in Wichita and drinking beer. Jeffries was driving his father's pickup truck. Jessica advised the others of a large sum of cash which was said to be in the home of Robert Humphrey on West Kellogg in Wichita. The four proceeded to the home of Robert Humphrey. Jeffries and Finn remained in the vehicle. The defendant Hutchison cut the screen to open the screen door. Purdy then kicked the door open and entered the house. Purdy was armed with a .44 magnum handgun and Hutchison was armed with a .357 handgun.

Unknown to Purdy and Hutchison, Robert Humphrey and his fiancee, Nadine Schoenhoff, were in the house and were just retiring. It was approaching midnight. Humphrey and Schoenhoff heard the door being forced open. Humphrey obtained a handgun from near his bed and proceeded to crawl into the next room in an attempt to surprise the intruders. He had reached a position beside a desk when Purdy located him. Purdy reached over the desk and shot him in the back. Humphrey reacted by rising to a kneeling position, whereupon Purdy shot him in the chest. Humphrey was killed. Purdy removed Humphrey's wallet from his person.

Hutchison and Purdy next approached Nadine Schoenhoff who had remained in the bedroom and was screaming hysterically. They asked Schoenhoff where the money was and when she denied knowledge of any money Purdy ordered her to lie on the floor and keep her eyes closed. Apparently unsatisfied with her actions, Purdy then kicked her in the face, grabbed her purse, and

both he and Hutchison fled to the truck. The four individuals then drove away. Later they divided the cash and Hutchison and Jessica disposed of the wallet and purse.

Two weeks later Hutchison was picked up on a juvenile court probation infraction. This eventually led the police to information implicating John Purdy. Written confessions were obtained from both Hutchison and Purdy. These young men were jointly tried and convicted. Separate appeals followed, and we are presently concerned with the appeal of Hutchison.

It should be noted that in a criminal proceeding a previous voluntary statement by the accused relative to the offense charged is admissible only as against the accused under K.S.A. 60-460(*f*) as an exception to the rule which excludes hearsay evidence. *State v. Sullivan & Sullivan,* 224 Kan. 110, Syl. ¶ 3, 578 P.2d 1108 (1978).

At the joint trial of Purdy and Hutchison the confessions of both codefendants were read in evidence. These confessions form the basis for the first claim of error. Neither of the defendants testified at trial and the trial court, recognizing the limitations on the use of confessions as set forth in *Bruton v. United States,* 391 U.S. 123, 20 L.Ed.2d 476, 88 S.Ct. 1620 (1968), required the State to delete all references to the other codefendant in the respective confessions before permitting the statements to be read in evidence. So, we are confronted for the first time in Kansas with the question of when, if ever, and under what conditions it may be proper to admit confessions from which references to codefendants have been deleted.

The process of editing a codefendant's confession by excising references to another accused is referred to in some cases as "redaction." (It will be referred to herein as editing or excising.) When the *Bruton* rule was first declared the United States Supreme Court in footnote No. 10, appearing at 391 U.S. 134, recognized the existence of the practice of editing confessions as a viable alternative to holding separate trials for codefendants when one or more of them had given statements or confessions. The footnote did not indicate either approval or disapproval of the practice. In the case of *State v Purdy,* 228 Kan. 264, 615 P.2d 131 (1980) this court approved the admission of Hutchison's confession from which all reference to Purdy had been deleted. At this joint trial both confessions were edited to remove reference to

the other codefendant and were admitted with limiting instructions for the jury to consider each confession only as to the guilt or innocence of the confessor.

In *Purdy* Mr. Justice Herd sets forth an exhaustive review of both federal and state cases to illustrate when the editing of a confession by excision may be acceptable as a viable alternative to separate trials for codefendants if one or more of them have given statements or confessions which are to be used at a joint trial. Without here reviewing all the cases covered in *Purdy* the following guidelines seem to emerge:

(1) Whether editing a confession or statement by excision will successfully avoid a violation of the rule in *Bruton v. United States,* 391 U.S. 123, must be determined on a case by case basis. See cases cited in *State v Purdy,* 228 Kan. 264, 268-69, 615 P.2d 131 (1980).

(2) It is elementary that if the codefendant testifies at the trial the accused's right of confrontation and cross-examination is satisfied and rules excluding the statement of the codefendant do not apply. *Cantrell v. State,* 206 Kan. 323, 324, 478 P.2d 192 (1970), *cert. denied* 402 U.S. 924 (1971).

(3) Editing may be proper when any suggestion of the codefendants' involvement in the crime charged can be eliminated from the confession or statement. *United States v. Hernandez,* 608 F.2d 741, 749 (9th Cir. 1979).

(4) In order for editing to be proper it should not be revealed to the jury that the statement is in excised form. *United States v. Danzey,* 594 F.2d 905 (2nd Cir.), *cert. denied* 441 U.S. 951 (1979).

(5) Generally, an edited statement should not be admitted if it explicitly suggests the participation of the complaining defendant. *United States v. Belle,* 593 F.2d 487, 493 (3rd Cir. 1979).

(6) An edited statement of a codefendant if clearly inculpatory as to the defendant and vitally important to the prosecution's case against the defendant should not be admitted in evidence. *United States v. Knuckles,* 581 F.2d 305, 313 (2nd Cir.), *cert. denied* 439 U.S. 986 (1978).

An examination of the confession of John Purdy clearly indicates that Kenneth Hutchison's Sixth Amendment rights of cross-examination and confrontation were not materially affected by permitting the edited version of Purdy's confession to be read to the jury at the joint trial. The participants in the evening's

festivities included four persons who were acting in concert. When references were made in Purdy's confession to the names of those who participated, the name of Hutchison could be deleted, leaving the other names without affecting the grammar or the substance of the edited confession. After editing the confession by striking all reference to Hutchison the pronouns "we" and "they" were properly used for they referred to Purdy, Jack Jeffries and Jessica Finn who participated in these crimes.

In addition we note that each statement constituted a full and complete confession by the respective confessor. After the editing neither statement implicated the other codefendant nor added anything to the material facts included in the confession of the other person. The only connection between these two confessions was a similar recitation of the facts which gave the times and places of the events of the evening. This added little, if any, to the facts previously established by the defendant's own confession. In a joint trial of codefendants it is possible for error in admitting in evidence the confession of a codefendant to be held harmless beyond a reasonable doubt. Generally an instruction has to be given to the jury limiting the use and purpose of the confession to a determination of the guilt of the confessor. *Cook v. State*, 353 So. 2d 911 (Fla. Dist. Ct. App. 1977); see also *United States v. Wingate*, 520 F.2d 309 (2d Cir. 1975), *cert. denied* 423 U.S. 1074 (1976).

In the present case the court gave the following limiting instruction:

"You should give separate consideration to each defendant. Each is entitled to have his case decided on the evidence and the law which is applicable to him.

"The statement made by defendant John Purdy can only be considered as evidence against John Purdy.

"The statement made by defendant Kenneth Hutchison can only be considered as evidence against Kenneth Hutchison."

Under the facts and circumstances we hold the admission in evidence of a confession of a codefendant edited by excision was proper where: (1) the two codefendants gave parallel or interlocking confessions which, when edited, contained no reference to the other codefendant, (2) any suggestion of the other codefendant's involvement in the crime charged was removed from the other's confession, (3) the members of the jury were not advised that the statements, which were read into evidence, had been edited, and (4) an instruction to the jury was given limiting consideration of each confession to the confessor.

Before passing to a consideration of the next issue raised by appellant we wish to set forth the following caveat. Editing statements of codefendants by deleting references to an accused is not the panacea it might appear to be at first glance. The two statements in the present case happened to be parallel or interlocking confessions; each added little additional evidence of guilt to that set forth in the confession of the other. The form and content of the confessions lent themselves to deleting all reference to the defendant. This may not be possible in some cases and a severance and a separate trial may be the only solution.

In *State v. Williams,* 27 Ariz. App. 279, 554 P.2d 646 (1976), the two statements were edited but were still conflicting in the facts stated. The error in admitting the conflicting statements was held to constitute prejudicial error. In the annotation, Confrontation Clause - Bruton Rule, 29 L.Ed.2d 931, III § 9, various cases are discussed in which statements have been admitted in evidence with changes, deletions, or special instructions. The cases are divided under three headings, (a) admission held erroneous, (b) admission held erroneous but harmless, and (c) admission held not erroneous. It is apparent after reading only a few of the cases under each heading that the deletion of references to a codefendant may not be acceptable as a viable alternative to separate trials. The general practice of editing the confession of a codefendant and having a joint trial may prove deceptive and result in injustice necessitating a new and separate trial.

We turn to appellant's second point. Defendant was found guilty on two counts of aggravated robbery (K.S.A. 21-3427). Appellant contends the transaction involving Humphrey and Schoenhoff constitutes only one crime and that a judgment of acquittal on one of the counts of aggravated robbery should have been entered. He does not indicate which of the counts should have been dismissed. Appellant cites *State v. Pierce, et al.,* 205 Kan. 433, Syl. ¶ 3, 469 P.2d 308 (1970), which states:

"The test to be applied in determining the question of identity of offenses laid in two or more counts of an information is whether each requires proof of a fact which is not required by the others."

The State may not split a single offense into separate parts, and where there is a single wrongful act, such act will not furnish the basis for more than one criminal prosecution. *State v. Lassley,* 218 Kan. 758, 761, 545 P.2d 383 (1976). When two offenses are

charged in separate counts of one information the test to be applied in determining duplicity is not whether the facts proved at trial are actually used to support the conviction of both offenses, it is whether the necessary elements of proof of one crime are included in the other. *State v. Lora,* 213 Kan. 184, Syl. ¶ 4, 515 P.2d 1086 (1973). Robberies committed at the same time from different persons are distinct crimes and will support separate charges and convictions. *State v. Branch and Bussey,* 223 Kan. 381, Syl. ¶ 3, 573 P.2d 1041 (1978).

In the present case one count covered the robbery of Humphrey when his wallet was taken. The second count covered the robbery of Schoenhoff when her purse was taken. Both robberies were accomplished with a gun. Separate charges and convictions for aggravated robbery were proper.

As his next point appellant argues that he was a minor of the age of sixteen years when the crimes were committed. He was found nonamenable to the jurisdiction of the juvenile division of the district court. He further argues the original finding of nonamenability and his referral by the juvenile division to the criminal division of the district court for trial as an adult was improper.

The following facts are admitted: The proceedings were filed first in the juvenile division. A motion to refer the defendant for trial as an adult was filed. A finding of nonamenability was entered and juvenile jurisdiction was waived. This decision was then appealed, and the determination of nonamenability was upheld by the Court of Appeals. Thereafter a petition for review was considered and denied by this court. Appellant attempts in the present appeal to have this court reopen the question previously decided. We decline to do so.

When a question in a case has been decided once on appeal and is final that decision becomes the law of the case. It is the practice of courts generally to refuse to reopen such a question during subsequent proceedings. The phrase "law of the case," as applied to a decision of an appellate court in an earlier appeal in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided. It is not a limit on their power, and a reconsideration may be proper when the prior decision is palpably erroneous. See *Henry v. Railway Co.,* 83 Kan. 104, 109 Pac. 1005 (1910); *Lechleitner v. Cummings,* 160 Kan. 453, 456, 163 P.2d 423 (1945), and cases cited therein; 46 Am. Jur. 2d,

Judgments § 400, p. 567. Although the practice of the courts in refusing to reopen matters once decided is not an arbitrary, inflexible rule, it is a salutary rule to be applied with discretion. We think it should be applied under the facts here presented. The prior decision is not palpably erroneous and we refuse to reconsider the questions raised concerning waiver of juvenile jurisdiction and trial as an adult.

We turn to the final point raised by appellant. When appellant Hutchison entered the Humphrey residence both Hutchison and Purdy were armed with firearms; both were minors. These crimes were committed on September 1, 1977. The mandatory sentencing statute then in effect was K.S.A. 1976 Supp. 21-4618:

"**Probation and sentencing for certain crimes involving use of firearms.** Probation shall not be granted to any defendant who is convicted of the commission of any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in which the defendant used any firearm in the commission thereof and such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime. This section shall apply only to crimes committed after the effective date of this act. [L. 1976, ch. 168, § 1; July 1.]"

It is noted no exception is made in this statute when a minor is the defendant convicted.

The appellant was sentenced under this statute to a mandatory minimum sentence on May 11, 1979. Thereafter, effective on July 1, 1979, the statute was amended to read as follows:

"(1) Probation or suspension of sentence shall not be granted to any defendant who is convicted of the commission of the crime of rape, the crime of aggravated sodomy or any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in which the defendant used any firearm in the commission thereof and such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime. This section shall apply only to crimes committed after the effective date of this act. *This section shall not apply to any crime committed by a person under eighteen (18) years of age.*

"(2) When a court has sentenced a defendant as provided above, the court shall state in the order of commitment to the secretary of corrections that the defendant has been sentenced pursuant to this section 21-4618." K.S.A. 1979 Supp. 21-4618. Emphasis supplied.

As amended the mandatory firearm sentencing statute does not apply to any crime committed by a person under eighteen years of age. Appellant was only sixteen years of age when he committed these crimes. He contends the statute as amended should be applied retroactively to exclude him from the mandatory firearm sentencing. Appellant received two sentences for a period of ten

years to life on the aggravated robbery charges and a third sentence for a period of five to twenty years on the aggravated burglary charge, all sentences to run concurrently.

Regarding the retroactive argument, the general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively. *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979). The foregoing rule of statutory construction is modified where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties. *Nitchals v. Williams,* 225 Kan. 285. As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished. *State v. Augustine,* 197 Kan. 207, Syl. ¶ 1, 416 P.2d 281 (1966).

Changes in the length of sentences for criminal acts have been given prospective application only. In *State v. Ogden,* 210 Kan. 510, Syl. ¶ 10, 502 P.2d 654 (1972), it is held:

"The sentencing of convicted criminals pursuant to K.S.A. 1971 Supp. 21-4504 is applicable only to those initially sentenced for offenses committed after the effective date of the new criminal code, July 1, 1970."

In *State v. Henning,* 3 Kan. App. 2d 607, 609, 599 P.2d 318 (1979), the Court of Appeals with regard to multiple sentences stated:

"Further, the effective date of the amendment to K.S.A. 21-4608(5), L. 1978, ch. 120, § 8, which extended permissible authorized sentencing to include direction that an imposed Kansas sentence run concurrently with another state's sentence for an offense committed prior to the defendant's Kansas sentence, was not effective until January 1, 1979. *Retroactive application of the amendatory statute would be improper. The penalty for a criminal offense is the penalty provided by statute at the time of the commission of the offense. Kelsey v. State,* 194 Kan. 668, 400 P.2d 736 (1965). Here it was necessary that the penalty imposed for the February 8, 1976, burglary by defendant be within the sentencing statutorily authorized as of that date." Emphasis supplied.

Considering the provisions of K.S.A. 1979 Supp. 21-4618 the intent of the legislature is clearly stated. It reads: "This section shall apply only to crimes committed after the effective date of this act." (July 1, 1979.) The crimes of appellant were committed September 1, 1977, and retroactive application of the amendatory statute would violate its terms and would not be proper.

Appellant contends the mandatory firearms sentencing statute K.S.A. 1976 Supp. 21-4618 was constitutionally impermissible when applied to him in that he was denied equal protection of the law and denied due process by the length of the sentences imposed. After examining the concurrent sentences received by appellant in light of what was said in *State v. Freeman,* 223 Kan. 362, 574 P.2d 950 (1978), we hold the sentences are constitutionally permissible.

Judgment affirmed.