(627 P.2d 365)

No. 51,736

Don R. Miller, *Appellee,* v. Judy A. Miller, *Appellant.*

Opinion filed May 1, 1981.

*Dan W. Forker, Jr.,* of Hodge, Reynolds, Smith, Peirce & Forker, of Hutchinson, for appellant.

*Herbert R. Hess, Jr.,* of Hess, Leslie, Berkley & Webb, of Hutchinson, for appellee.

Before Rees, J., presiding, Justice Miller, and Steven P. Flood, District Judge, assigned.

Flood, J.: This is a divorce action commenced by the appellee husband. Appellant wife filed an answer and cross-petition. The case was set for trial to the court on April 30, 1979. The court and counsel met in chambers without the presence of the parties for two hours. The court then announced that they had been working on what they felt to be a fair and equitable division of the assets of the marriage. Thereafter, the appellant was sworn and testified briefly to grounds for divorce and concerning some minor items of personal property. The court then granted the wife a divorce on the grounds of incompatibility, gave her custody of the minor child subject to reasonable visitation and directed that other matters discussed in chambers be settled by a journal entry to be prepared by appellee's attorney.

The record does not reflect that either party agreed upon a particular settlement of alimony or property division and contains no findings by the court in this respect.

On November 6, 1979, appellee filed a motion for approval of a proposed journal entry together with a motion to restrain appellant from removing furniture and from disposing of or removing from the state $30,000 representing the parties' equity in a home. The court, on November 6, 1979, approved the submitted journal entry and issued ex parte orders to restrain appellant. This journal entry divides the property of the marriage but contains no ap-

proval of a settlement and did not have the approval of appellant's counsel.

On November 20, 1979, appellee filed a motion to modify the journal entry filed November 6, 1979, as to child custody and division of property. This motion was heard November 29, 1979, and the court modified its earlier journal entry adversely to appellant, both as to division of property and child custody. The court awarded attorney fees to the moving party.

It is obvious that the procedure used by the court in this case was not a trial on the merits insofar as a division of assets was concerned. In *Allen v. Allen,* 132 Kan. 468, 295 Pac. 705 (1931), the trial court took the parties into chambers without counsel and discussed reconciliation and division of the assets. In reversing for a new trial, the Supreme Court said at page 473:

"The division of property was an important feature of the action and the final judgment to be rendered and the determination of the question should be based on evidence produced at the trial in the presence of the contending parties or their counsel."

The trial judge made no findings of fact or law to support any judgment other than divorce and custody. Where the findings of the trial court are inadequate to permit meaningful appellate review, the appellate court has no alternative but to remand the case for new findings and conclusions. *Mies v. Mies,* 217 Kan. 269, Syl. ¶ 3, 535 P.2d 432 (1975). Since the trial judge heard no evidence, it will be necessary to have a new trial regarding property and alimony issues.

Appellee admits there was no trial sufficient to support a judgment but suggests the attorneys negotiated a settlement which should be approved. The difficulty with this argument is that it does not appear from the record that appellant's trial counsel had any authority to negotiate the settlement and that appellant consented to or approved a settlement. Appellant's present counsel was not her trial counsel. An attorney controls the procedural aspects of his client's case but has no authority to settle or compromise his client's claim without his client's approval. *Reimer v. Davis,* 224 Kan. 225, 229, 580 P.2d 81 (1978). Since the journal entry filed November 6, 1979, did not have appellant's trial counsel's approval, we can only assume that he did not have authority to approve that particular settlement.

One other matter needs to be mentioned. A property settlement,

once accepted by the court and incorporated in the divorce decree, may not thereafter be modified by the court. *Richardson v. Richardson,* 3 Kan. App. 2d 610, 612, 599 P.2d 320, *rev. denied* 226 Kan. 792 (1979). A motion for new trial or to modify or amend judgment must be filed in ten days. K.S.A. 60-259. The journal entry was filed November 6,. 1979, and the motion to modify filed November 20, 1979, was out of time. A trial court has large discretion in awarding attorney fees in divorce actions. K.S.A. 1980 Supp. 60-1610(*g*); *Brooker v. Brooker,* 199 Kan. 783, 433 P.2d 363 (1967). However, it is an abuse of discretion to award such fees to the prevailing party on a motion which could not and should not have been entertained.

The award of attorney fees in connection with the motion to modify is vacated and set aside.

Reversed and remanded with directions to grant a new trial on the issues of property division and alimony. The judgment granting a divorce is affirmed.