(796 P.2d 174)
No. 64,387

STATE OF KANSAS, *Appellee*, v. ARTHUR MARKS, *Appellant*.

Opinion filed August 3, 1990.

*J. Patrick Lawless, Jr.*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Bruce L. Stewart,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before ABBOTT, C.J., BRAZIL and GERNON, JJ.

BRAZIL, J.: Arthur Marks appeals the sentence imposed by the district court after he pleaded guilty to one count of possession of cocaine with intent to sell (K.S.A. 1989 Supp. 65-4127a[a]). Marks contends that he was denied due process because the State breached its plea agreement by opposing his motion to reconsider the motion for modification of sentence and that the district court erred in refusing to follow the State Reception and Diagnostic Center (SRDC) recommendation to modify his sentence without making the required statutory findings. We affirm in part, reverse in part, and remand for further proceedings.

Marks was charged with one count of selling cocaine and one count of possessing cocaine with intent to sell. The State dismissed the former count, and Marks pleaded guilty to the latter. He was sentenced to five to twenty years in prison. Marks filed a motion for modification of sentence, which the district court heard and denied. Marks then filed a motion to reconsider the motion to modify, which was also heard and denied.

1. Plea agreement.

Ambiguous plea agreements must be read strictly against the State. *State v. Wills,* 244 Kan. 62, 69, 765 P.2d 1114 (1988). The *Wills* court found the State's agreement, which required a favorable recommendation at sentencing but which did not address post-sentencing hearings, applied to a hearing on the defendant's motion to modify the sentence. 244 Kan. at 69-70. Because the State in *Wills* had breached the agreement at the hearing on the motion to modify the sentence, the Supreme Court remanded the case to have the motion to modify reheard by a different district court judge. 244 Kan. at 70.

The plea agreement in the present case provided that, in exchange for Marks' plea of guilty to the present charge, the prosecution would drop the other charge and recommend a minimum sentence but oppose probation. Possession of cocaine with intent to sell is a class C felony. K.S.A. 1989 Supp. 65-4127a. The minimum sentence for a class C felony is three to ten years in prison. K.S.A. 21-4501(c). At the sentencing hearing, the State

recommended a sentence of three to ten years in prison, thus honoring the plea agreement. The district court nevertheless sentenced Marks to five to twenty years in prison.

At the hearing on Marks' motion to modify sentence, Marks' attorney incorrectly informed the district court that it had imposed a minimum sentence and that all Marks was seeking was probation. The court orally denied the motion to modify sentence and stated that it had imposed a minimum sentence.

Before the district court filed a journal entry on its denial of the motion to modify, Marks filed a motion to reconsider the motion to modify on the ground that his attorney had misinformed the court about his sentence. At the hearing on the motion to reconsider, Marks' attorney pointed out that he had misinformed the court at the prior hearing, that Marks had received a sentence greater than the minimum allowed, and that Marks was requesting the minimum sentence. The State, contrary to the plea agreement, opposed the motion, and the court denied it.

*Wills* controls this issue. Just as in *Wills*, the plea agreement in the present case is ambiguous because it did not address the question of whether the agreement applied to Marks' motions to modify and to reconsider the motion to modify. 244 Kan. at 69-70. As in *Wills*, therefore, the State bore the risk of ambiguity and was bound by the agreement regarding both the motion to modify and the motion to reconsider. The State breached the agreement and the case must be remanded to a different district judge to rehear Marks' motion to modify sentence.

The State argues the district court did not have jurisdiction to consider the motion to reconsider because it constituted a motion to alter and amend under K.S.A. 60-259(f), and Marks failed to file the motion within the ten-day limitation for such motions. Assuming for purposes of the State's argument that Marks' motion was one to alter or amend and that K.S.A. 60-259(f) is applicable, the statute provides that motions must be filed within ten days after "entry of the judgment." K.S.A. 60-258 defines entry of judgment as the filing with the clerk of the court a journal entry or judgment form signed by the trial judge.

Our Supreme Court has held that K.S.A. 60-258 does not apply to the rendering of judgments and the imposition of sentence in criminal cases. *State v. Moses*, 227 Kan. 400, 403, 607 P.2d 477

(1980). The court held that those instances are governed by K.S.A. 22-3424 and -3426, and that appeal time must be computed from the oral pronouncement of sentence.

Accepting the State's argument that Marks' motion was one to alter or amend under K.S.A. 60-259(f), and noting that there is no specific statute governing such motions in chapter 22 of the Kansas Statutes Annotated, we conclude that the present case is distinguishable from *Moses* and that K.S.A. 60-258 is applicable. As noted in *State v. Myers*, 10 Kan. App. 2d 266, 271, 697 P.2d 879 (1985):

> "The rationale for running the 120-day appeal time from oral pronouncement of the sentence is unique to sentencing. See *State v. Moses*, 227 Kan. 400, 402, 607 P.2d 477 (1980), and cases cited therein. K.S.A. 1984 Supp. 22-3405(1) requires that the defendant be present when sentence is imposed. The defendant's presence at sentencing insures defendant's immediate notice of the sentence imposed and the opportunity to timely pursue an appeal. However, the presence of a defendant at the pronouncement of the decision on a post-sentencing motion is discretionary with the district court. *State v. Bryant*, 227 Kan. 385, 390, 607 P.2d 66 (1980)."

In *Myers*, our court held that the defendant had ten days to file his notice of appeal after the filing of a journal entry denying his motion to modify. 10 Kan. App. 2d at 270.

Likewise, in the present case, the ten-day limitation runs from the date the order denying the motion to modify is journalized, not from when it is orally issued. See *Miller v. Miller*, 6 Kan. App. 2d 193, 195, 627 P.2d 365 (1981). The ten-day limitation could not have been exceeded in the present case because Marks' motion to reconsider was filed before the denial of the motion to modify was journalized.

2. K.S.A. 1989 Supp. 21-4603(3)(a).

Marks argues the trial court erred in holding the current "authorized dispositions" statute, K.S.A. 1989 Supp. 21-4603(3)(a), inapplicable at the hearing on the motion to reconsider. That statute provides that within 120 days after sentencing a trial court "shall modify [a] sentence if recommended by the state reception and diagnostic center unless the court finds that the safety of the public will be jeopardized and that the welfare of the inmate will not be served by such modification." (Prior to the 1989 amendment, the statute provided only that the court may modify a

sentence.) The SRDC report recommended Marks continue to be incarcerated and that "it is strongly recommended that consideration be given to a sentence length modification, which would allow Mr. Marks to rejoin society at an earlier date." Marks argues the district court erred in failing to follow the SRDC recommendation.

The district court found K.S.A. 1989 Supp. 21-4603(3)(a) inapplicable and apparently applied the previous version, K.S.A. 21-4603(3). The previous statute provided the court "may" modify a sentence within 120 days of sentencing. The present statute became effective on July 1, 1989. Marks was sentenced and his motion to modify was heard before the above statute became effective. Likewise, the report of the SRDC was compiled before the statute became effective.

Marks filed his motion to reconsider after the effective date of the new statute. Thus, the new statute was effective when the district court refused to apply it at the hearing on the motion to reconsider. Marks argues the present statute is applicable because it became effective before the motion to reconsider was filed. The State argues, however, that the now-repealed version is applicable because it was effective when the motion to modify sentence was heard and the same statute should later be applied at the hearing on the motion to reconsider.

"While it is . . . a general rule of statutory construction that a statute will operate prospectively unless its language clearly indicates the contrary, that rule is modified where the statutory change is merely procedural or remedial in nature and does not affect the substantive rights of the parties. *State v. Hutchinson*, 228 Kan. 279, Syl. ¶¶ 6, 7, 615 P.2d 138 (1980). In *Hutchinson* we stated:

'As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished.' 228 Kan. at 287." *State v. Nunn*, 244 Kan. 207, 216, 768 P.2d 268 (1989).

In *Nunn*, the Supreme Court found that criminal statutes of limitation are remedial or procedural, not substantive, and could be applied retroactively.

Is K.S.A. 1989 Supp. 21-4603(3) substantive or procedural? In *State v. Henning*, 3 Kan. App. 2d 607, 609, 599 P.2d 318 (1979), this court held that K.S.A. 1978 Supp. 21-4608(5) was substantive

and must be applied prospectively. That section of the statute extended the permissible authorized sentencing to allow a Kansas sentence to run concurrently with another state's sentence for an offense committed prior to the defendant's Kansas sentence.

For purposes of distinguishing between substantive statutes that prescribe punishment as opposed to merely procedural statutes, we conclude that K.S.A. 1989 Supp. 21-4603(3)(a), changing sentence modification, is similar to the statute considered in *Henning*. K.S.A. 1989 Supp. 21-4603(3)(a) materially limits the court's sentencing discretion and is therefore substantive not procedural. It must be applied prospectively.

The penalty for a criminal offense is the penalty provided by statute at the time of the commission of the offense. *Kelsey v. State*, 194 Kan. 668, 670, 400 P.2d 736 (1965). The offense in this case occurred on or about December 27, 1988, prior to the effective date of K.S.A. 1989 Supp. 21-4603(3)(a). The trial court's finding that the statute was inapplicable is affirmed. Obviously, upon remand, this holding does not preclude the trial court from modifying its sentence under K.S.A. 21-4603(3).

Affirmed in part, reversed in part, and remanded for a new hearing before a different judge on the motion to modify. The State is ordered to comply with its plea agreement.