(801 P.2d 59)

No. 64,405

STATE OF KANSAS, *Appellee,* v. VIRGIL MOON III, *Appellant.*

Opinion filed November 9, 1990.

*Thomas H. Johnson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Thomas J. Robinson*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., LARSON and LEWIS, JJ.

BRISCOE, C.J.: Defendant Virgil Moon III appeals the trial court's denial of his motions to modify his sentence, alleging abuse of discretion.

On October 6, 1987, Moon was charged with nine counts of felony theft (class E felonies) in connection with the theft of several pieces of equipment from his former employer. K.S.A. 21-3701(a). On February 8, 1988, Moon pleaded guilty to all charges and was sentenced to one to five years' imprisonment on the first seven counts, with imposition of sentence on the last two counts suspended. The minimum sentence for a class E felony is one year and the maximum is not less than two nor more than five years. K.S.A. 21-4501(e). The trial court then granted Moon's application for probation for a period of four years, subject to certain conditions including that he undergo alcohol and drug treatment and that he not violate the law in any manner.

On September 2, 1988, Moon was charged with misdemeanor possession of marijuana (K.S.A. 1989 Supp. 65-4127b). He was thereafter charged with violation of the terms of his probation imposed in the prior theft case and, after a hearing, his probation was revoked on May 4, 1989. On the same date, the court reinstated its previous sentence and set aside suspension of imposition

of sentence on the last two counts. Moon filed a motion to modify his sentence in the theft case on May 8, 1989. On June 23, 1989, Moon pleaded guilty to marijuana possession as charged and was sentenced to 30 days' imprisonment, to be served consecutive to the sentence on the theft convictions. On August 25, 1989, Moon also filed a motion to modify his sentence in the possession case. The two cases were consolidated in the trial court and, on September 1, 1989, the court denied both motions to modify.

We must first determine whether this court has jurisdiction to consider this appeal. The State contends the trial court's decision is not subject to appellate review and cites *State v. VanReed*, 245 Kan. 213, 777 P.2d 794 (1989). In *VanReed*, the court restated the general rule that a decision denying probation following a guilty or nolo contendere plea is not subject to appellate review, but recognized an exception when appellate review is sought for a trial court's denial of a motion for a presumptive sentence of probation under K.S.A. 1989 Supp. 21-4606a. The State argues 21-4606a does not apply to Moon's sentencing for the nine felony counts because he had prior juvenile adjudications for theft and child abuse. The State also argues 21-4606a does not apply to the possession of marijuana charge because it was a misdemeanor.

The State misconstrues Moon's appeal. He is not contending the trial court abused its discretion in failing to set forth factors sufficient to overcome the presumption of probation under 21-4606a. Moon is contending the court abused its discretion when it denied the motion to modify his sentence. Specifically, Moon argues the court abused its discretion by failing to follow the State Reception and Diagnostic Center's (SRDC) recommendation that he be placed on probation as required by K.S.A. 1989 Supp. 21-4603(3)(a), which provides:

"Except when an appeal is taken and determined adversely to the defendant as provided in subsection (b) of this subsection (3), at any time within 120 days after a sentence is imposed, after probation or assignment to a community correctional services program has been revoked, *the court* may modify such sentence, revocation of probation or assignment to a community correctional services program by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits and *shall modify such sentence if recommended by the state reception and diagnostic center unless the court finds that the safety of the public will be*

*jeopardized and that the welfare of the inmate will not be served by such modification."* (Emphasis added.)

This amendment to 21-4603(3), which became effective July 1, 1989, is similar in purpose to the legislatively created presumption of probation in 21-4606a and, like the denial of presumptive probation, a direct appeal may also be taken from the court's rejection of an SRDC recommendation for sentence modification under 21-4603(3)(a). Accord *VanReed*, 245 Kan. at 215-17; *State v. Harrold*, 239 Kan. 645, 649, 722 P.2d 563 (1986).

The interpretation and application of K.S.A. 1989 Supp. 21-4603(3)(a) has been a recurring appellate issue in recent months. The threshold question has been whether the 1989 amendment to the statute is substantive or procedural in nature and, consequently, whether the amendment applies prospectively or retroactively. The statute is silent as to whether it is to apply to offenses committed prior to its effective date. As related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes punishment for those acts; whereas procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished. *State v. Hutchison*, 228 Kan. 279, 287, 615 P.2d 138 (1980). The issue of whether a statute is substantive or procedural is critical for purposes of determining the statute's operative effect. As a general rule, a statute operates prospectively unless its language clearly indicates a contrary legislative intent. The general rule is modified and the statute is given retroactive effect where the statutory change is merely procedural or remedial in nature. *State v. Nunn*, 244 Kan. 207, 216, 768 P.2d 268 (1989). The 1989 legislative amendment to 21-4603(3)(a) is a procedural change for a variety of reasons.

The rule prohibiting retroactive application of a substantive change in a criminal statute has its genesis in the constitutional prohibition against ex post facto laws. Article 1, Section 9, of the United States Constitution provides: "No Bill of Attainder or ex post facto Law shall be passed." In addition, Article 1, Section 10 provides: "No State shall . . . pass any . . . ex post facto Law." The United States Supreme Court has stated that the ex post facto prohibition forbids the enactment of any law which punishes an act which was not punishable at the time it was

committed, imposes additional punishment to that then prescribed, aggravates the crime, or alters the legal rules of evidence. *Miller v. Florida,* 482 U.S. 423, 429, 96 L. Ed. 2d 351, 107 S. Ct. 2446 (1987). For a criminal law to be ex post facto, the law must be retrospective; that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. *Weaver v. Graham,* 450 U.S. 24, 29, 67 L. Ed. 2d 17, 101 S. Ct. 960 (1981); *Nunn,* 244 Kan. at 219. The amended sentencing statute at issue, K.S.A. 1989 Supp. 21-4603(3)(a), is neither impermissibly retrospective nor disadvantageous to the defendant.

As previously stated, as related to criminal law and procedure, the courts have employed the term "substantive law" to define those laws which declare what acts are crimes or prescribe punishment. *Hutchison,* 228 Kan. at 287. A substantive law is said to be retrospective if it "changes the legal consequences of acts completed before its effective date." *Weaver,* 450 U.S. at 31. Application of the amended sentencing statute does not affect the legal consequences of the acts Moon committed before the effective date of the statute. The statute merely alters the trial court's focus in considering a motion for modification of a sentence. Prior to the 1989 amendment, a district court could in its discretion modify a sentence within 120 days of sentencing. Under the present statute, the court must modify a sentence if the modification is recommended by SRDC unless the court satisfies the two-part test enumerated in the statute. The amendment does not declare an act criminal which was not before punishable as a crime.

As to the second factor, application of the 1989 amendment does not "disadvantage" a defendant by imposing a punishment which is additional to that originally prescribed. The 1989 amendment does not alter the penalty provisions applicable to underlying crimes. As applied to the present case, the penalty provisions applicable to felony theft and misdemeanor possession of marijuana were the same before the 1989 amendment was enacted as they were after its enactment. Further, application of the 1989 amendment arguably benefits a defendant. If modification is recommended by SRDC, the court must make the ad-

ditional findings set forth in the statute in order to overcome the presumption for modification.

From the foregoing, it is clear the 1989 amendment is not an ex post facto law. Therefore, the rule forbidding retroactive effect of a substantive change in a criminal statute has no application.

To reiterate, in this state a substantive criminal law is one which defines a crime and prescribes the punishment, whereas a procedural law is a law which regulates the steps by which one who violates a criminal statute is punished. *Hutchison*, 228 Kan. at 287. A statute which relates merely to the remedy or procedure and does not affect substantive rights is generally held to operate retroactively. *Nunn*, 244 Kan. at 218.

K.S.A. 1989 Supp. 21-4603(3)(a) provides that "any time within 120 days *after a sentence is imposed* . . . the court may modify such sentence . . . and shall modify such sentence if recommended by the state reception and diagnostic center." (Emphasis added.) The statute comes into play only after a defendant has been charged, convicted, and sentenced. It acts to regulate the steps by which a defendant convicted of a crime is punished and therefore, by definition, is a procedural criminal law. The statute does not alter the punishment itself. This fact becomes particularly clear in cases in which SRDC has recommended probation. Probation is defined as a procedure whereby a defendant, found guilty of a crime, is released by the court after imposition of sentence, without imprisonment, subject to various conditions. K.S.A. 21-4602(3). Probation is separate and distinct from sentencing. *State v. Dubish*, 236 Kan. 848, Syl. ¶ 2, 696 P.2d 969 (1985).

We are mindful of the fact that another panel of this court recently determined the 1989 amendment to 21-4603(3)(a) is a substantive change which only operates prospectively to offenses committed after its effective date. *State v. Marks*, 14 Kan. App. 2d 594, 796 P.2d 174, *rev. denied* 247 Kan. 706 (1990). See *State v. Sylva*, 14 Kan. App. 2d 609, 795 P.2d 947, *aff'd* 248 Kan. 118, 804 P.2d 967 (1991). In *Marks*, the court found the 1989 amendment "materially limits the court's sentencing discretion and is therefore substantive not procedural." 14 Kan. App. 2d at 599. While it is true the amendment does limit the court's sentencing discretion, that fact does not render the amendment sub-

stantive. A substantive law is one which makes an act criminal and prescribes the punishment for that act. *Hutchison,* 228 Kan. at 287. A law is not made substantive by the mere fact it alters the court's discretionary authority to direct how the sentence will be served. The law at issue must affect the substantive rights *of the defendant* before retroactive application of the law is constitutionally impermissible. *Miller v. Florida,* 482 U.S. at 429; *Weaver v. Graham,* 450 U.S. at 29. The amendatory language in 21-4603(3)(a) does not prejudicially affect the defendant's substantive rights.

Having concluded K.S.A. 1989 Supp. 21-4603(3)(a) applies retroactively to motions for sentence modification where the offense was committed before the effective date of the statute, the next issue is whether the trial court erred in failing to accept Moon's interpretation of the SRDC recommendation. The SRDC recommendation states:

> "Even though he is a marginal candidate for probation, we would support a community corrections program, which should be highly supervised and well structured. It should include formal inpatient drug and alcohol treatment, followed by attending NA meetings, in addition to his maintaining gainful employment. If the inmate is to remain incarcerated, he could benefit from substance abuse treatment and a work assignment, within the system. He could be a candidate for classes to obtain his GED certificate, and on-the-job training is also indicated."

Moon interprets these statements as a recommendation of probation. We do not agree with this interpretation of the report.

The report contains equivocal language which is not consistent with the requirements of 21-4603(3)(a). The statute requires that the court follow the SRDC recommendation unless the court makes the two findings set forth in the statute. It naturally follows that a recommendation by SRDC must first be made. A statement such as "we would support a community corrections program" is not a clear recommendation of probation and is not sufficient to create a presumption for modification of sentence. Absent an unequivocal recommendation for modification by the SRDC, the court has discretion in modifying sentence and commits no error in refusing modification of sentence absent an abuse of that discretion. When determining whether a trial court abused its discretion, the test on appeal is whether no reasonable person would

agree with the trial court. If any reasonable person would take the view adopted by the trial court, the decision must be upheld. *State v. Griffin*, 246 Kan. 320, 326, 787 P.2d 701 (1990).

Did the trial court abuse its discretion in denying sentence modification in this case? Moon was on probation following a guilty plea on nine counts of felony theft when he was charged with misdemeanor possession of marijuana. As a condition of probation, Moon had been ordered to undergo substance abuse treatment but did not complete such a program. He was also ordered not to violate the law but he was charged and convicted of possession of marijuana while on probation. The trial court's refusal to modify Moon's sentence was not an abuse of discretion.

Affirmed.