NOT DESIGNATED FOR PUBLICATION

No. 114,203

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

BRIAN DEAN WILSON,
*Appellee*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed March 25, 2016.
Affirmed.

*Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*,
attorney general, for appellant.

*Nicholas David*, of The David Law Office LLC, of Topeka, for appellee.


Before PIERRON, P.J., BRUNS and GARDNER, JJ.


*Per Curiam*:  This interlocutory appeal by the State of Kansas asks whether the
district court abused its discretion in denying a motion for reconsideration of its decision
suppressing evidence. Attached to the motion to reconsider was evidence that the district
court admitted would have changed its decision about suppression had that evidence been
timely presented. Nonetheless, for the reasons stated below, we find no abuse of
discretion.

1

*Procedural background*

In December 2014, Wilson was arrested. Topeka police had come to Wilson's house in search of another man. After taking that man into custody, police arrested three other occupants, one of whom had drug paraphernalia in her pocket. Police learned that Wilson was on parole so they contacted Kansas Department of Corrections employees to determine what was required to conduct a search. Believing that they had reasonable suspicion that a crime had occurred or was about to occur, police searched Wilson's bedroom and found marijuana, ammunition, and a handgun. Wilson was then charged with criminal possession of a firearm, possession of marijuana, and unlawful use of drug paraphernalia.

Wilson filed a motion to suppress the evidence, claiming that the search was unlawful. The State argued that Wilson had given consent and that the law enforcement officers had reasonable suspicion sufficient to search a parolee. After hearing testimony on April 14 and April 28, 2015, the district court ruled that the search was illegal and suppressed the evidence. The district court found that Wilson's consent had not been freely given and because no evidence showed that Wilson had agreed in writing to be subject to search, the police did not have authority to search Wilson's home. The district court relied in part on *State v. Chapman*, 51 Kan. App. 2d 401, Syl. ¶¶ 4, 7, 347 P.3d 700 (2015), which found that K.S.A. 2012 Supp. 22-3717(k)(3) allows law enforcement officers to search a parolee if they have reasonable suspicion of criminal activity or a parole violation and the parolee has agreed in writing to be subject to search.

Three days after that ruling, the State filed a motion to reconsider, requesting an additional evidentiary hearing and attaching a copy of Wilson's written consent to be searched. The State's motion referenced the district court's decision to suppress, then stated: "The State subsequently contacted the Defendant's Parole Officer, Jaclyn

2

Steinbach, to determine if any such evidence even existed." Jaclyn Steinbach had testified during the suppression hearing.

The district court stated that the written consent would likely have changed its previous ruling on the motion to suppress, but it nonetheless denied the motion, reasoning as follows: The State had already had "ample opportunity" to present the evidence; the witness who ultimately provided the evidence had previously testified; and that conservation of judicial resources and the threat of prejudice against Wilson outweighed the State's interests. The State now appeals the denial of its motion to reconsider.

*Jurisdiction*

We first address our jurisdiction to hear this matter. K.S.A. 2015 Supp. 22-3603 allows prosecutors to appeal a pretrial order suppressing evidence within 14 days after entry of the order suppressing evidence. Prosecutors must also show appellate courts that the order suppressing evidence substantially impairs the prosecution's ability to prosecute the case. *State v. Newman*, 235 Kan. 29, 35, 680 P.2d 257 (1984). Here, that requirement is met, as the district court's denial of the State's motion effectively reaffirmed its earlier decision granting the motion to suppress, barring the State's use of the primary, if not the sole, evidence against Wilson.

Wilson contends this court nonetheless lacks jurisdiction because the State's appeal is untimely. His rationale follows: The State's motion to reconsider tolled the deadline to appeal only if that motion is considered a K.S.A. 2015 Supp. 60-259(f) motion; the State's motion was not a 60-259(f) motion because such a motion alters or amends a judgment; an order suppressing evidence is a sanction, not a judgment; and the motion to reconsider is akin to a K.S.A. 2015 Supp. 60-260(b) motion which does not toll the appeal deadline.

Wilson is generally correct that a timely filed motion to alter or amend under K.S.A. 2015 Supp. 60-259(f) tolls the running of the time for an appeal, while a timely filed motion under K.S.A. 2015 Supp. 60-260 does not. See *Giles v. Russell*, 222 Kan. 629, 632, 567 P.2d 845 (1977); *In re Marriage of Webster*, No. 94, 112, 206 WL 2129130, at *2 (Kan. App. 2006)(unpublished opinion).

We admit that Wilson's argument has a certain logical appeal. See *State v. Remlinger,* 266 Kan. 103, 106-07, 968 P.2d 671 (1998) (finding Kansas cases have repeatedly defined a criminal "judgment" as a pronouncement of guilt and the determination of punishment); *State v. Heigele*, 14 Kan. App. 2d 286, 287-88 789 P.2d 218 (1990) (finding a suppression order is not a final judgment where the State does not appeal the order pursuant to K.S.A. 22-3603). But in support of his assertion that the State's appeal is untimely, Wilson cites cases from Missouri, Arizona, and Florida. Wilson cites no Kansas caselaw in support of the asserted final-judgment requirement in this context–where the State files an interlocutory appeal from the district court's order suppressing evidence.

We note that we often refer to a district court's decision suppressing evidence as a "judgment" when reviewing the State's interlocutory appeals. See, *e.g.*, S*tate v. Reed*, No. 113, 576, 2015 WL 9287062, at *1 (Kan. App. 2015) (unpublished opinion); *State v. Cousins*, No. 112,497, 2015 WL 4879202, at *1 (Kan. App. 2015). More importantly, we have previously found that K.S.A. 60-259(f) can apply to an order suppressing evidence. *State v. Little*, No. 105,221, 2011 WL 4035796, at *1-2 (Kan. App. 2011) (unpublished opinion) (finding an argument similar to Wilson's has "no merit"), *rev. denied* 293 Kan. 1111 (2012). Although unpublished opinions from our court are "not binding precedent," they may have "persuasive value with respect to a material issue not addressed in a published opinion of a Kansas appellate court." Supreme Court Rule 7.04(g)(2) (2015 Kan. Ct. R. Annot. 65). Such is the case here.

4

In *Little*, as here, the district court granted the defendant's motion to suppress then denied the prosecution's motion to reconsider, and the State appealed. We held that the prosecution's motion to reconsider was proper and tolled the time for appeal. 2011 WL 4035796, at *2 (citing K.S.A. 60-2103[a]). The cited statute provides that the running of the time for appeal is terminated by a timely motion made pursuant to K.S.A. 2015 Supp. 60-259, and "the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of" the denial of a timely K.S.A. 2015 Supp. 60-259 motion. K.S.A. 2015 Supp. 60-2103(a).

Similarly, we consider the State's motion to reconsider the suppression decision to be a K.S.A. 2015 Supp. 60-259(f) motion. When the State files a motion for reconsideration in a criminal case within 28 days of the district court's suppression decision, we thus construe that motion as a K.S.A. 2015 Supp. 60-259(f) motion, and the time for interlocutory appeal is tolled until the date the motion for reconsideration is denied, on which date the time for appeal commences to run, restarting anew. See K.S.A. 2015 Supp. 60-2103(a).

That rule, as applied to our facts, shows the State's appeal was timely. The district court's memorandum decision granting Wilson's motion to suppress was entered on June 8, 2015. The State filed its motion to reconsider on June 11, 2015, 3 days later, well within the required 28 days for filing a K.S.A. 2015 Supp. 60-259(f) motion. The district court's order denying the State's motion to reconsider was entered on July 9, 2015. The State filed its notice of appeal 13 days later on July 22, 2015, within the 14 days permitted for interlocutory appeals. K.S.A. 2015 Supp. 22-3603. Because the State's appeal is timely, this court has jurisdiction. See *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008) (noting that "a timely notice of appeal ordinarily is jurisdictional").

*Standard of Review*

We review the denial of a motion to reconsider for an abuse of discretion. *Reinmuth v. Pride National. Ins. Co.*, No. 111,174, 2015 WL 1310804, at *4 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan.___January 25, 2016). A district court abuses its discretion if its action:

> "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

The party claiming that the district court abused its discretion bears the burden of showing that judicial discretion was abused. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

*Motion to Reconsider*

A motion to reconsider is generally not a creature of statute, but of caselaw. Kansas caselaw shows that in civil cases, a district court may grant a motion to reconsider when new evidence has been discovered. See *In re Marriage of Steele*, No. 110,593, 2014 WL 1708125, at *4 (Kan. App. 2014) (unpublished opinion). K.S.A. 2015 Supp. 60-259(f)'s purpose is to provide the district court with an opportunity to correct prior errors. *Denno v. Denno*, 12 Kan. App. 2d 499, 501, 749 P.2d 46 (1988). Motions to alter and amend "may properly be denied where the moving party could have, with reasonable diligence," presented the evidence earlier. *Wenrich v. Employers Mut. Ins. Co.*, 35 Kan. App. 2d 582, 590, 132 P.3d 970 (2006). The same is true for denials of motions to reconsider. See *In re Marriage of Mullokandova*, & *Kikirov* No. 112,921, 2016 WL

6

197743, at *12 (Kan. App. 2016) (unpublished opinion) (affirming denial of motion to reconsider because "[t]he evidence itself must be newly discovered. Counsel's new realization that the evidence could perhaps have helped at the earlier hearing does not make the evidence newly discovered.").

Kansas cases have held that motions to reconsider, treated as motions to alter or amend a judgment under K.S.A. 2015 Supp. 60-259(f), apply in criminal cases in the absence of a specific statute to the contrary. *McPherson v. State*, 38 Kan. App. 2d 276, 287, 163 P.3d 1257 (2007); *State v. Marks*, 14 Kan. App. 2d 594, Syl. ¶ 2, 796 P.2d 174, *rev. denied* 247 Kan. 706 (1990). We believe the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case, finding no good reason to distinguish between the two. See *United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170-71 (D. Kan. 1999); *United States v. Becker,* No. 09-40008-01-JAR, 2010 WL 1424360, at *2 (D. Kan. 2010).

Kansas cases, however, lack developed standards for motions for reconsideration in civil and criminal cases, and the Rules of the Kansas Supreme Court do not generally address them. Federal cases in Kansas, however, have well-developed standards for motions to reconsider. We find those standards, summarized below, to be persuasive here.

First, the decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion. See *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Second, a motion to reconsider is not a second chance for the losing party to try again. "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994). "A court's rulings "are not intended as

7

first drafts, subject to revision and reconsideration at a litigant's pleasure." *Koch v. Koch Industries, Inc.*, 6 F. Supp. 2d 1207, 1209 (D. Kan. 1998) (quoting *Quaker Alloy Casting v. Gulfco Industries, Inc.,* 123 F.R.D. 282, 288 [N.D.Ill.1988]), *aff'd* 203 F.3d 1202 (10th Cir.), *cert. denied* 531 U.S. 926, (2000).

Instead, a motion to reconsider is limited to specific situations where limited circumstances warrant it.

> "We have held that a motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of The Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Specific situations where circumstances may warrant reconsideration include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' *Id.*" *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.), *cert. denied* 136 S. Ct. 537 (2015).

Lastly, a motion to reconsider is not appropriate to revisit issues already addressed or to advance arguments that could have been raised earlier. See *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

> "A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence. [Citations omitted.] A motion to reconsider is not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Comeau v. Rupp*, 810 F. Supp. [1172.] 1175." *Koch* [D. Kan. (1992)], 6 F. Supp. 2d at, 1209.

We find these standards to be well reasoned, persuasive, and consistent with our statutes and limited caselaw regarding motions to reconsider, so we apply them here. See, *e.g.*, K.S.A. 2015 Supp. 60-259(a)(i)(E) (stating a new trial may be granted based on "newly discovered evidence that is material for the moving party, which it could not, with

reasonable diligence, have discovered and produced at the trial"); *cf.* K.S.A. 2015 Supp. 60-260 (b)(2) (providing a court may relieve a party from an order because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial" under K.S.A. 2015 Supp. 60-259(b).

*Analysis*

Our analysis of whether the district court abused its discretion in denying the State's motion to reconsider focuses on whether the evidence the State presented in support of that motion could have been discovered earlier with reasonable diligence.

In its motion to reconsider and its accompanying memorandum, the State suggests that it was unaware of the need to present evidence that Wilson had agreed in writing to be subject to a search. At the hearing on the motion to reconsider, the State said it would have presented that evidence had it been available. But during oral argument at the suppression hearing, the State had argued that written evidence was not required, yet it also drew the district court's attention to *Chapman* which held law enforcement officers may search a parolee if they have reasonable suspicion of criminal activity or a parole violation and if the parolee has agreed in writing to be subject to a search. Thus, the State had notice of *Chapman'*s evidentiary requirement.

Yet during the suppression hearing, the State neither showed evidence that all parolees in Kansas consent in writing to a reasonable suspicion law-enforcement search of their residence as one of many conditions precedent to their release on parole, nor evidence that Wilson, as a parolee, had so consented. The State had not one but two opportunities to do so during the continued suppression hearing—once on April 14 and again on April 28, 2015.

9

Further, as the district court mentioned, Parole Officer Steinbach, from whom the State eventually obtained the written consent, had testified at the suppression hearing. The State asked her very few questions and did not ask if she knew whether Wilson had consented in writing to be subject to search. While arguing its motion to reconsider, the State claimed that it had asked three of its witness if they had documents showing that Wilson had agreed to be subject to search and was told that they did not have any or that they did not know that they had any. But Steinbach was not among those witnesses.

The State suggests that after the district court granted Wilson's motion, it asked Steinbach *again* about any documents. But the State's motion to reconsider makes clear that it *initially* contacted Steinbach about documents after the district court issued its decision by referencing the district court's decision to suppress and then stating: "The State *subsequently* contacted the Defendant's Parole Officer, Jaclyn Steinbach, to determine if any such evidence even existed." (Emphasis added.) The State has not shown that it asked Steinbach before the motion to suppress was granted whether she knew of Wilson's signed consent, even though, as Wilson's supervising parole officer, she was likely to have had knowledge of that document.

The State cites several cases showing that a district court may allow additional evidence to be presented after a motion to suppress has been granted. See, *e.g.*, *City of Prairie Village v. Hof*, No. 106,491, 2012 WL 2924615, at *1-3 (Kan. App. 2012) (unpublished opinion). We have no doubt that a district court has discretion to do so. But those cases, including *Hof*, show only that a district court may consider additional evidence after granting or denying a motion to suppress if it believes the facts of the case warrant reconsideration. They do not show that reconsideration is mandatory or was warranted here. More importantly, these cases are not illustrative of the State's diligence or lack of diligence, which is the pivotal issue here.

10

The State also argues that the district court's denial of its motion to reconsider was unreasonable because it was an "extreme measure" which prejudiced the State. The State claims that this appeal might be its only remedy because the doctrines of res judicata or law of the case could bar it from relitigating this issue. But the State does not provide sufficient authority or analysis to show whether either doctrine would likely apply in this context or that such prejudice warrants a different result. Even assuming such a bar to relitigation of this case, the State could have avoided this prejudice by the exercise of reasonable diligence. Had it been reasonably diligent during the continued suppression hearing it could have discovered the crucial evidence before the district court granted Wilson's motion to suppress. The district court properly concluded that the State had already had "ample opportunity" to present the evidence and that the witness who ultimately provided Wilson's signed consent form had previously testified.

The district court additionally weighed the "conservation of judicial resources" in finding the balance tipped against the State. That is a legitimate and important interest in the administration of justice. See *State v. Parry*, 51 Kan. App. 2d 928, 935-6, 358 P.3d 101 (2015) (Gardner J., dissenting) (agreeing with majority that the State cannot not piece-meal its theories about the legality of a search and try them seriatim).

The district court weighed the relevant factors and chose not to reconsider its decision when the State tardily proffered the crucial evidence. We believe a reasonable person could have come to that same conclusion, so we find the district court did not abuse its discretion by denying the State's motion to reconsider even though that motion presented evidence that, had it been timely, would have changed the outcome of the suppression motion.

Affirmed.