Mary L. KAERCHER,
Plaintiff, Appellant,

v.

The TRUSTEES OF HEALTH AND HOSPITALS OF the CITY OF BOSTON, INC., Defendant, Appellee.

No. 86–2020.

United States Court of Appeals, First Circuit.

Submitted July 31, 1987.

Decided Dec. 3, 1987.

Mary L. Kaercher, pro se.

Pamela M. Dashiell, Asst. Corp. Counsel, City of Boston Law Dept., Boston, for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

The appeal before us arises from the district court's dismissal of appellant's complaint which alleged employment discrimination by her former employer and appellees, the Trustees of Health and Hospitals of the City of Boston, Inc. After dismissing and reopening the case on two occasions, the district court let its third and final dismissal stand, denying appellant's motion to vacate the judgment of dismissal as well as her motion for reconsideration of the motion to vacate. We affirm the judgment of the district court.

Appellant, Mary Kaercher, filed her complaint alleging employment discrimination in July, 1979. At this time, appellant was represented by Attorney Kurnos. A pretrial conference was scheduled for October 19, 1981. At the conference, a notice of substitution of counsel was filed. According to appellant, without her knowledge Attorney Haber took over for Attorney Kurnos, who had joined another firm. Between October, 1981 and June 12, 1982, appellant, who complained of a lack of communication with counsel, seems to have acquired a third legal representative, one Attorney Rodgers. Attorney Rodgers reported to the court that the case had been settled, resulting in the dismissal of the case on September 15, 1982.

On February 23, 1983, the district court vacated the dismissal and directed Attorney Rodgers to withdraw from the case. Vacation of the judgment appears to have been based on appellant's contention that the settlement had been effected without her knowledge. At this time, Attorney Dawkins was directed to enter his appearance for appellant, which he did in March, 1983.

The district court again dismissed appellant's complaint on April 12, 1984, allowing appellees' motion for an order pursuant to Fed.R.Civ.P. 37(b). This dismissal was based on the lack of prosecution arising from appellant's failure to comply with a discovery order. Shortly thereafter, the district court granted appellant's motion for reconsideration and vacated the dismissal.

Although a new trial date was scheduled for January 14, 1985, proceedings were again delayed, and a pretrial status conference was scheduled for June 14, 1985. Neither appellant nor her attorney appeared. On June 20, 1985, the district court again dismissed the case for want of prosecution.

Over five months passed before appellant responded to the third dismissal of her case. On December 2, 1985, appellant filed a motion to vacate the judgment of dismissal. Appellant's motion was accompanied by an affidavit supplied by her newly-retained counsel, John Laymon. Attorney Laymon attributed the most recent dismissal to the negligence of appellant's previous counsel, and requested that appellant not be penalized for attorney misconduct. The district court denied appellant's motion to vacate, remarking that, despite a sympathetic view of appellant's position, there was a limit to the court's indulgence. Contributing to the court's decision was its conclusion that appellant had been aware of her counsel's delinquency. Appellant next filed a motion for reconsideration of the denial on September 22, 1986. Appellant filed her notice of appeal from the judgment of dismissal on October 20, 1986.

 Fed.R.App.P. 4(a) requires any party wishing to appeal from the judgment of a district court to file a notice of appeal within 30 days of the entry of that judgment. The Supreme Court has held, on more than one occasion, that timely filing of a notice of appeal is both mandatory and jurisdictional. *E.g., Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Berman v. United States,* 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964). Thus, failure to file a timely notice of appeal deprives the appeals court of jurisdiction. Clearly, in the instant case, appellant failed to file a timely notice of appeal. The district court entered its final judgment of dismissal on June 20, 1985. The next action taken by appellant did not occur until December 2, 1985. Appellant's actual notice of appeal from the dismissal was not filed until October 20, 1986. Even if we were to treat appellant's motion to vacate the judgment of dismissal filed on December 2, 1985 as a notice of appeal, there can be no question that, even from the most lenient perspective, appellant failed to file a timely notice of appeal by a substantial margin. Although the district court has the power to extend the time for filing a notice of appeal, such an extension is contingent upon the showing of excusable neglect or good cause made by motion not later than 30 days after the expiration of the original 30 day period set by Fed.R. App.P. 4(a)(1). Fed.R.App.P. 4(a)(5). Since appellant failed to file anything with the court until more than five months had elapsed from the district court's entry of judgment, this exception obviously provides no relief to appellant. We addressed an analogous situation in *Silvia v. Laurie,* 594 F.2d 892 (1st Cir.1979), where a plaintiff, who was incarcerated, filed a notice of appeal approximately five months after entry of the district court judgment. Plaintiff contended that he was legitimately unable to comply with the provisions of Rule 4(a) because he did not receive timely notice of the entry of judgment. We concluded that, while failure to receive notice of the district court judgment might have constituted excusable neglect at an earlier stage of the proceedings, plaintiff had gone well beyond the time allowed for even seeking an extension under Rule 4(a). We noted that, while

the application of Rule 4(a) may lead to apparently harsh results in some cases, the time limits specified by the rule are a prerequisite to our jurisdiction and may not be waived at the discretion of the court. *Id.* at 893.

The appellee suggests that, viewing matters in the light most favorable to appellant, her motion to vacate the judgment of dismissal could be treated as a motion under Fed.R.Civ.P. 60(b)(1). Rule 60(b)(1) permits the district court to provide relief from judgment for surprise, mistake, inadvertence, or excusable neglect. Appellee further suggests that appellant's motion for reconsideration of the denial of the motion to vacate was timely and therefore tolls the appeal period. By this conclusion, appellee apparently assumes that the motion for reconsideration is analogous to a motion to alter or amend a judgment pursuant to Rule 59(e). Assuming that appellee is correct, then appellant's notice of appeal, filed October 20, 1986, entitles her only to a review of district court's denial of her motion under Rule 60(b), and to a review of the denial of her motion under Rule 59(e). We reiterate that the notice of appeal is untimely as to the district court's underlying judgment of dismissal, and therefore prevents our review of that matter.

An order denying a motion under Fed.R.Civ.P. 59 is a final and appealable judgment which should be overturned only upon the showing of a manifest abuse of discretion. *The Binkley Company v. Eastern Tank, Inc.,* 831 F.2d 333, 337 (1st Cir.1987); *Walker v. Bank of America National Trust and Savings Association,* 268 F.2d 16 (9th Cir.), *cert. denied,* 361 U.S. 903, 80 S.Ct. 211, 4 L.Ed.2d 158 (1959). The denial of a motion under Fed.R.Civ.P. 60(b) is also final and appealable, and is subject to the abuse of discretion standard on appeal. *Pagan v. American Airlines, Inc.,* 534 F.2d 990, 992–93 (1st Cir.1976). The appeal of an order denying a Rule 60(b) motion, however, raises for review only the order of denial itself and not the underlying judgment. *Id.*

Thus, we are faced with deciding whether the district court abused its discretion in denying either the Rule 60(b) or 59(e) motions. We conclude that it did not. In requesting another reopening of the case, appellant contends that the negligence of retained counsel was responsible for the district court's dismissal of her meritorious employment discrimination claim. The Supreme Court has found that "[t]here is certainly no merit to the contention that the dismissal of [a party's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See also Damiani v. Rhode Island Hospital,* 704 F.2d 12 (1st Cir.1983). Although there may be instances where the behavior of a party's attorney may qualify as excusable neglect, mistake, or inadvertance, thereby allowing relief under Rule 60(b), we find that the district court was correct in concluding that this was not such a case. It is difficult to see how the district court abused its discretion in refusing to reopen the case a third time when appellant failed to justify or explain her own and counsel's negligence in failing to appear for the pretrial conference, where the case had in fact been dismissed and reopened on two prior occasions, and where appellant had exhibited a somewhat troubled history with the series of attorneys representing her on this matter. Although appellant asserts that her fatal failure to attend the pretrial conference was due to her attorney's failure to notify her of "pending court dates," the usual rule is that "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) *quoting Smith v. Ayer,* 101 U.S. (11 Otto) 320, 326, 25 L.Ed. 955 (1979). We also note that the district court concluded that appellant was in fact aware of counsel's delinquency.

In choosing not to reopen the case yet again, the district court necessarily relied, not only on counsel's and appellant's failure to appear at the last scheduled conference, but also on the previous pattern of

delay and neglect in this case. For the foregoing reasons, we find that the district court did not abuse its discretion in denying either the Rule 60(b) or the Rule 59(e) motions.

The judgment of the district court is hereby

*Affirmed.*