Richard E. WELLS

v.

Randy SMITH, et al.

Civ. No. S 90–1231.

United States District Court,
D. Maryland.

April 8, 1991.

Fred R. Joseph, Jay P. Holland, Joseph, Greenwald & Laake, P.A., Greenbelt, Md., for plaintiff.

Gabrielle M. Lynch, Michael O. Connaughton, Alan E. D'Appolito, Upper Marlboro, Md., for defendants.

## MEMORANDUM AND ORDER

SMALKIN, District Judge.

Following the pretrial conference held this morning, I have reviewed the defendants' motion *in limine* and the plaintiff's opposition thereto. It was settled in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), that the analysis to be undertaken by a jury in an excessive police use of force case under § 1983 is an objective one, *viz.*, whether the amount of force used was reasonable under all the circumstances confronting the officers at the scene. Although not necessarily barred by Fed.R.Evid. 704(a), expert testimony as to the reasonableness of an officer's action is only admissible to the extent that it will assist the trier of fact to determine a fact in issue or to understand the evidence. Fed.R.Evid. 702. Additionally, the Court is under a duty to avoid the needless waste of time in the presentation of evidence and to avoid any unfair prejudice that substantially outweighs the probative value of evidence, or which could mislead the jury in the same fashion. Fed. R.Evid. 611(a) and 403.

Applying these considerations to the present case, the Court is of the opinion that the defendants' motion should be granted. The question of reasonableness is quintessentially a matter of applying the common sense and the community sense of the jury to a particular set of facts and, thus, it represents a community judgment. It would interfere inappropriately with that judgment process, mandated by *Graham v. Connor*, to allow expert testimony as to what reasonableness is, either abstractly or as applied. Certainly, if plaintiff is allowed to present the expert testimony of Mr. Murphy, defendants must be allowed to present countervailing expert testimony. This, then, would turn the determination of reasonableness into a credibility contest between or among experts and would essentially remove the ultimate question from the jury's determination on the basis of its own common sense and community values to one based only on resolution of conflicts in experts' opinions. In some cases, certainly, the art or science involved (whether it be medicine or the chemistry of cement) is so arcane that the jury cannot make factual determinations in the absence of expert testimony. In such a situation, Rules 702 and 704(a) are wholly and properly operative to allow expert testimony, because the jury is significantly assisted in resolving the issues by such testimony, but such is not the case here.

In this case, rather, for the reasons stated above, expert testimony would be more detrimental than helpful to the jury in determining the issues and the facts, and, consequently, the defendants' motion in limine is hereby *granted*.

SO ORDERED.