**Ruth HABERERN, Plaintiff,**

v.

**KAUPP VASCULAR SURGEONS LTD. DEFINED BENEFIT PLAN and TRUST AGREEMENT; Lehigh Valley Vascular Surgeons Ltd. Retirement Plan; Lehigh Valley Vascular Surgeons Ltd.; and Kenneth M. McDonald, Trustee, Defendants.**

Civ. A. No. 88–1853.

United States District Court,
E.D. Pennsylvania.

Nov. 23, 1992.

and now known as Lehigh Valley Vascular Surgeons, Ltd. Defendants are the professional corporation, its defined benefit and defined contribution pension plans, and the trustee of those plans. Plaintiff commenced this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461 alleging that Defendants breached their fiduciary duties under the statute. Plaintiff seeks to recover back salary and pension benefits that Defendants have allegedly wrongfully withheld, as well as costs and attorney's fees. The nonjury trial will begin on November 23, 1992.

One of the issues in this case is whether Defendants violated ERISA § 410(a), 29 U.S.C. § 1110(a)[1] by requiring that Plaintiff sign a general release, which Plaintiff has refused to sign, as a condition of receiving her pension benefits.

Defendants have filed a motion in limine seeking to offer and introduce into evidence the testimony of Arthur Bachman, Esquire, a partner in the Philadelphia law firm of Blank, Rome, Comisky and McCalley, an expert in labor law, particularly pension plan administration and law. Defendants intend to have Mr. Bachman testify that it is his practice to recommend to his clients that they obtain releases from beneficiaries when distributing pension benefits, that it is reasonable pension plan administrative practice to request these releases, and that these releases can be obtained from beneficiaries relating to issues and claims beyond the scope of the language of 29 U.S.C. § 1110(a). Defendants seek to introduce this testimony to rebut what they characterize as Plaintiff's assertions that Defendants' conduct was unreasonable, arbitrary, and capricious. Defendants contend that they should be permitted to demonstrate that they proceeded in a reasonable fashion, in accordance with the standard practice of a considerable number of other employers in requesting releases, and that they therefore did not act unreasonably, arbitrarily, or capriciously.

Lawrence T. Fox, Philadelphia, PA, for plaintiff.

Kevin T. Fogerty, Allentown, PA, for defendants.

## MEMORANDUM

HUYETT, District Judge.

Plaintiff Ruth Haberern is a sixty-nine year old woman who from 1974 to 1985 worked full-time as a secretary-bookkeeper for a professional corporation formerly known as Kaupp Vascular Surgeons, Ltd.,

---

1. "Except as provided in sections 1105(b)(1) and 1105(d) of this title, any provision in any agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy."

Plaintiff opposes Defendants' motion. First, Plaintiff contends that Defendants have mischaracterized her allegations. Plaintiff claims that the entirety of Defendants' conduct was unreasonable, arbitrary, and capricious. One aspect of Defendants' conduct was its request that Plaintiff sign a release as a condition of receiving her pension benefits. Plaintiff claims that this request violates 29 U.S.C. § 1110(a). Plaintiff contends that the testimony of Defendants' expert will not be helpful to the trier of fact and the proposed testimony is an impermissible opinion on a legal issue.

■ District courts have broad discretion in determining whether to permit expert testimony. *Mayhew v. Bell Steamship Co.,* 917 F.2d 961 (6th Cir.1990). The Federal Rules of Evidence provide that

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed.R.Evid. 702. The evidence rules state that otherwise admissible testimony "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed.R.Evid. 704(a).

■ While the Federal Rules of Evidence permit helpful expert opinion that embraces an ultimate factual issue to be decided, they do not permit opinion on a question of law. 1 *McCormick on Evidence,* § 12, at 50 (John W. Strong ed., 4th ed. 1992). Courts have addressed the question of the admissibility of testimony given by an expert attorney. Generally, an attorney may not instruct the trier of fact as to the law. An attorney may testify, however, concerning the facts surrounding contract negotiations, for example, or the ordinary practices of those engaged in certain occupations or industries. 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 702[02], at 702–33 (1992) (collecting cases). *See also id.* at 702–29 n. 24 (collecting cases concerning when expert testimony allowed and not allowed).

■ Here, Defendants seek to have Mr. Bachman testify regarding his personal practice of advising employers to obtain releases when distributing pension monies and to testify that this practice conforms with standard pension plan administrative practice, and is therefore reasonable. Courts do allow testimony about the standard practices, procedures, and customs of those engaged in an industry when helpful to the trier of fact to resolve factual issues. *See, e.g., First National State Bank v. Reliance Electric Co.,* 668 F.2d 725, 731 (3d Cir.1981) and *Bauman v. Centex Corp.,* 611 F.2d 1115, 1121 (5th Cir.1980), cited by Defendants, and *Marx & Co., Inc. v. Diners' Club, Inc.,* 550 F.2d 505, 509 (2d Cir.), *cert. denied,* 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977). Here, however, whether Defendants acted reasonably in that they followed the standard practice of employers in obtaining releases when distributing pension benefits is not the real issue. The real issue is whether this practice violates ERISA § 410, 29 U.S.C. § 1110(a). This is a legal issue for the court rather than an issue of fact for the trier of fact.

■ Furthermore, Mr. Bachman's proposed testimony that releases can be obtained from beneficiaries relating to issues and claims beyond the scope of 29 U.S.C. § 1110(a) is, in essence, a legal opinion that the release Defendants requested Plaintiff to sign did not violate ERISA. This is an application of section 1110(a) to the facts of this case. An expert may not opine legal conclusions drawn by applying the law to the facts. *A.E. v. Independent School Dist.,* 936 F.2d 472, 476 (10th Cir.1991). Such testimony as to the requirements or scope of section 1110(a) is an impermissible delegation of the trial court's duty to determine questions of law. *See Molecular Technology Corp. v. Valentine,* 925 F.2d 910, 919 (6th Cir.1991); *Marx,* 550 F.2d at 508–510.

Because the proposed expert testimony of Mr. Bachman will take the form of an opinion on a question of law, it will not

"assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Therefore, the proposed testimony is inadmissible. Both parties have submitted pretrial briefs and they will have ample opportunity to present their legal arguments to the Court following the trial. The Court cannot permit them to do so in the guise of expert testimony. Accordingly, the Court will deny Defendants' motion in limine.