Kristofer A. BURGER, Plaintiff,

v.

Trooper David MAYS, Defendant.

Civ. A. No. 96–4365.

United States District Court,
E.D. Pennsylvania.

Sept. 23, 1997.

Donald J. Feinberg, Feinberg and Silva, Philadelphia, PA, for Plaintiff.

Randall J. Henzes, Office of Attorney General, Philadelphia, PA, for Defendants.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

The purpose of this Opinion is to address the Plaintiff's Motion for Reconsideration of our September 2, 1997 Order granting the Defendant's July 28, 1997 Motion in Limine precluding Plaintiff's use of any expert testimony during the liability phase of the trial. Defendant's Motion in Limine was granted as uncontested under Local R. Civ. P. 7.1(c) since the Plaintiff failed to file any response. We will grant Plaintiff's Motion to Reconsider since doing so would prevent a manifest injustice. Considering Defendant's Motion in Limine on its merits, that motion will be granted in part and denied in part.

## I. BACKGROUND

Mr. Burger alleges that Defendant Trooper David Mays unlawfully seized, assaulted and harassed the Plaintiff in violation of 42 U.S.C. §§ 1983 & 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Mr. Burger asserts that on June 15, 1994 David Mays, a Pennsylvania State Trooper, pursued him for illegally riding his dirt bike on a public roadway in violation of the vehicle code. Following a brief vehicular pursuit, Plaintiff states that his bike ran out of gas and Trooper Mays continued pursuing Mr. Burger on foot. During this foot pursuit, Mr. Burger alleges that the Defendant delivered a flying tackle to the Plaintiff, fracturing two metal rods that had previously been placed in Mr. Burger's back.

Plaintiff has expressed a desire to call two expert witnesses during the liability phase of

the trial.[1] He wishes to introduce the testimony of Dr. R. Paul McCauley, a criminologist, that (1) the Defendant's alleged actions violated police practices relating to the proper escalation of force and (2) that the Defendant's use of force was unreasonable. Plaintiff also wants to introduce the testimony of Dr. Michael H.O. Dawson, an orthopedic surgeon, that (1) the Defendant's tackle broke the metal rods in the Plaintiff's back and (2) that the Plaintiff was unable to run on the day of the alleged incident.[2]

Defendant filed a Motion in Limine requesting that the Plaintiff be precluded from calling Drs. McCauley and Dawson as expert witnesses in the liability stage of this trial on July 28, 1997. Plaintiff failed to file a timely response and we granted the Defendant's motion as uncontested in accordance with Local R. Civ. P. 7.1(c) on September 2, 1997. On September 8, 1997, Plaintiff filed this instant Motion for Reconsideration. Mr. Donald J. Feinberg, the attorney for the Plaintiff, claims that he forgot to file a response to the Defendant's Motion in Limine because he failed to properly mark his computerized calendar. Mr. Feinberg states that he carelessly marked his 1998 calendar instead of his 1997 calendar. Mr. Feinberg admits that the mistake was his, and his alone, and that the Plaintiff in no way contributed to Mr. Feinberg's failure to file a response.

## II. PLAINTIFF'S MOTION TO RECONSIDER

■ The standard for reconsidering a motion is unsettled. Indeed, "[s]uch a motion is not recognized by any of the Federal Rules of Civil Procedure." *Broadcast Music, Inc. v. La Trattoria East, Inc.*, No. Civ. A. 95–1784, 1995 WL 552881 at *1 (E.D.Pa. Sept. 15, 1995). The Third Circuit has sometimes ruled on such motions under Federal Rule of Civil Procedure 59(e) and at other times under Federal Rule of Civil Procedure 60(b). A motion to reconsider may, therefore, be treated as a Rule 59(e) motion for amend-

ment of judgment or a Rule 60(b) motion for relief from judgment or order. *Id.*

■ Fed.R.Civ.P. 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of judgment." Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not available, has become available; or (3) it is necessary to correct a clear error of law or prevent a manifest injustice. *See United Lawn Mower Service v. Hagel*, No. Civ. A. 95–6157, 1997 WL 327564 (E.D.Pa. June 12, 1997); *see also Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa.1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (1995).

■ We will grant Plaintiff's motion to reconsider in order to prevent a manifest injustice. Summarily allowing the Defendant's Motion in Limine without considering its merits would prevent Plaintiff from presenting the testimony of two experts which could prove vital to his case. We feel that it would be unfair to punish Mr. Burger so harshly for the carelessness of his attorney, Mr. Feinberg. Furthermore, allowing this Motion for Reconsideration will not result in any prejudice to the Defendant since he has already ably argued the issues raised by his Motion in Limine in the memorandum of law submitted with his original motion. We will therefore grant Plaintiff's Motion for Reconsideration.

We wish to caution Plaintiff and his attorney that we could have easily taken a similar route to the court in *Lee v. Toyota Motor Sales, U.S.A., Inc.*, No. 96–2337, 1997 WL 256976, *1 (E.D.Pa. May 16, 1997), which rejected a similar motion to the Plaintiff's. In *Lee*, the plaintiff did not respond to the defense's motion in limine because the attorney mistakenly relied upon the Handbook of Federal Judicial Practices and Procedures, Eastern District of Pennsylvania (1996), instead of the deadline set out in the Local Rules of Civil Procedure. The *Lee* court analyzed the issue of reconsideration under

---

**1.** We have previously decided to bifurcate the trial into a liability phase and a damages phase.

**2.** Defendant asserts that the Mr. Burger was running during the foot chase. Plaintiff claims that he was walking.

Rule 60(b) and held that the "plaintiff's ignorance of the law and carelessness in its application are not sufficient grounds under Rule 60(b) for this Court to reconsider its order." *Lee,* 1997 WL 256976 at *3.

Indeed, our judicial system is time based, and it is counsel's duty to pay the strictest attention to such matters. We expect that all of Plaintiff's future papers will be filed in a timely matter. We will not accept any more excuses nor entertain any more motions to reconsider based on Mr. Feinberg's mistakes. Furthermore, Plaintiff's counsel is prohibited from claiming any attorney's fees for time spent responding to Defendant's Motion in Limine. Still, so as not to prejudice the Plaintiff for Mr. Feinberg's carelessness, we will vacate our September 2, 1997 Order granting the Defendant's Motion in Limine and reconsider Defendant's Motion in Limine on the merits.[3]

### III. DEFENDANT'S MOTION IN LIMINE

Defendant asks that we preclude Dr. R. Paul McCauley, a criminologist, and Dr. Michael H.O. Dawson, an orthopedic surgeon, from testifying at the liability phase of trial. We will consider each expert in turn. As our discussion will indicate, Defendant's Motion in Limine will be granted in part and denied in part.

---

3. We wish to inform Mr. Feinberg that this court came very close to sanctioning him for his deficient conduct and will not hesitate to fine him in the future if his actions so warrant. This court is very disappointed with the sloppiness that Mr. Feinberg has shown so far in this case. Not only did Mr. Feinberg violate Local Rule 7.1, but he also disregarded our October 7, 1996 Pretrial Order which specifically instructed the parties that all responses to motions must be filed in accordance with Rule 7.1. Furthermore, in addition to missing the filing deadline for his response to Defendant's Motion in Limine, he failed to attend the mandatory mediation conference on this matter. Mr. Feinberg also failed to respond to the Defendant's discovery requests which required this court to enter an order compelling disclosure, and he also had to file a motion to extend the expert report discovery deadline. Mr. Feinberg's inattention to detail is further demonstrated by the fact that he has consistently misspelled the word "Trooper" as "Tropper" on the caption of many of his motions

### A. Dr. McCauley

Plaintiff wishes to call Dr. McCauley as an expert to testify: (1) that the Defendant failed to follow proper police procedure when he apprehended the Plaintiff and (2) that the Defendant's use of force was unreasonable. We will allow Dr. McCauley to testify regarding whether the Defendant failed to follow proper police procedures. This issue is relevant to the jury's determination that the Defendant unlawfully seized and assaulted the Plaintiff. We do not believe, as Defendant contends, that this testimony would be too confusing for the jury. Nor do we believe that this testimony would intrude upon the jury's role to determine the ultimate issues in this case. *See Kladis v. Brezek,* 823 F.2d 1014, 1019 (7th Cir.1987)(police expert properly testified as to the proper level of force to be used by police in various situations).

We will not, however, allow Dr. McCauley to testify that the Defendant unreasonably seized the Plaintiff or that his actions were unreasonable under the circumstances. Such testimony would invade the province of the jury. Federal Rule of Evidence 704(a) does provide that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces the ultimate issue to be decided by the trier of fact." Still, expert testimony which "merely tell[s] the jury what result to

and memorandums. He has also misspelled the only case cited in his reply brief filed in support of his Motion for Reconsideration. We sincerely hope that Mr. Feinberg will take significant steps to improve his advocacy throughout the remainder of this case.

Defendant asserts that Plaintiff's carelessness in this case constitutes a pattern of delay and neglect. He argues that we should deny Plaintiff's motion to reconsider under *Kaercher v. Trustees of Health and Hospitals of Boston,* 834 F.2d 31, 34–35 (1st Cir.1987), which held that a pattern of delay and neglect can support a court's decision not to reopen a case. However, the delay and neglect in *Kaercher* was much more serious than the delay and neglect in the instant case: in *Kaercher* the court had dismissed and reopened the case twice before deciding not to reopen the case after the third dismissal. *Id.* at 32. Therefore, we will not follow the First Circuit's lead and we refuse to reconsider our previous order.

reach," is improper. Fed.R.Evid. 704 advisory committee's note. *See also Hygh v. Jacobs,* 961 F.2d 359, 364 (2d Cir.1992). Furthermore, expert testimony that expresses a legal conclusion should be excluded. *See Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan and Trust Agreement, et. al.,* 812 F.Supp. 1376, 1378 (E.D.Pa.1992); 1 MCCORMICK ON EVIDENCE, § 12, at 50 (John W. Strong ed., 4th ed.1992).

Any testimony that the Defendant's use of force was unreasonable under the circumstances or that the Defendant unreasonably seized the Plaintiff would be instructing the jury what result to reach and would be expressing a legal conclusion. *See Hygh,* 961 F.2d at 364 (testimony in excessive force case that police officer's conduct was " 'not justified under the circumstances' " should have been excluded); *Wells v. Smith,* 778 F.Supp. 7, 8 (D.Md.1991) (the question of whether the police officer's use of force was reasonable is "quintessentially a matter of applying the common sense and the community sense of the jury to a particular set of facts .... It would interfere inappropriately with that judgment process ... to allow expert testimony as to what reasonableness is[.]").

The cases cited by the Plaintiff do not convince us otherwise. Indeed, in *Samples v. City of Atlanta,* 916 F.2d 1548, 1551 (11th Cir.1990), the court stated that the defense attorney's question asking " 'whether or not it was reasonable for the officer to discharge his firearm when [plaintiff] charged him with a knife,' " called "for an answer that would invade the province of the jury." The court did not find error, however, because the expert answered the question not by making a blanket legal conclusion, but by discussing the prevailing use of force standards in the field of law enforcement. *Id.* So, while we will allow Dr. McCauley to testify whether Defendant's actions were in line with standard police procedures, we will prohibit any testimony that the Defendant's use of force was unreasonable.

### B. Dr. Dawson

■ Mr. Burger wishes to call Dr. Dawson, an orthopedic surgeon, to testify that (1) the Defendant's tackle broke the metal rods in the Plaintiff's back and (2) that the Plaintiff was unable to run on the day of the alleged incident. Defendant asks that we bar any testimony regarding the relationship between the Defendant's tackle and the Plaintiff's injury during the liability phase of trial. He asserts "[t]he issue that the jury must decide is whether the force used was objectively reasonable," and that "whether the rods fractured because of the tackle is not a relevant fact that the jury must determine during the liability portion of the trial." *Defendant May' [sic] Memorandum of Law in Support of His Motion in Limine* at 2–3. We disagree. Whether the Defendant's tackle was executed with enough force to break two metal rods in the Plaintiff's back is directly related to such questions as how much force was used and whether that force was reasonable under the circumstances. Common sense dictates that there is usually a direct relationship between the level of force used and the extent of a person's injury. Therefore, we find that Plaintiff's expert testimony on this subject would be relevant. We will not bar Dr. Dawson's testimony concerning Plaintiff's rods.

Plaintiff also wishes to introduce Dr. Dawson's testimony that he was unable to run on the date of the incident. We are concerned, however, as to the basis for Dr. Dawson's testimony. In his deposition, Dr. Dawson stated that he based his opinion on the medical history given by the Plaintiff, Plaintiff's testimony under oath, and on medical records which stated that the Plaintiff could only walk with a limp. *Videotape deposition of Michael H.O. Dawson, M.D.* at 14. While expert opinion may be based on hearsay, we are concerned that Dr. Dawson may not have a sufficient basis to conclude that Plaintiff was unable to run on the day in question. We will, however, wait to decide this issue until trial when we can hear more from both of the parties.

### IV.  CONCLUSION

After careful consideration, we will grant Plaintiff's Motion for Reconsideration and vacate our September 2, 1997 Order granting the Defendant's Motion in Limine. Upon reconsideration we will grant Defendant's

Motion in Limine in part and deny it in part. We will permit Dr. McCauley to testify, during the liability phase of the trial, as to whether the Defendant's apprehension of Mr. Burger was in line with proper police procedures. We will not permit Dr. McCauley to testify as to whether Defendant's seizure of the Plaintiff or his use of force was unreasonable. We will permit Dr. Dawson to testify, during the liability phase of the trial, regarding whether the Defendant's tackle broke the rods in the Plaintiff's back. We will wait until trial to decide if Dr. Dawson may testify as to whether the Plaintiff was unable to run on the day he was apprehended by the Defendant.

An appropriate order follows.

### ORDER

AND NOW, this 23rd day of September, 1997, upon consideration of Kristofer Burger's September 8, 1997 Motion for Reconsideration, Defendant's Response to Plaintiff's Motion for Reconsideration, Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Reconsideration, Defendant's Motion in Limine, and Plaintiff's Response to Defendant's Motion in Limine, it is hereby ordered that

1. Plaintiff's Motion for Reconsideration is **GRANTED**.

2. Our September 2, 1997 Order granting Defendant's Motion in Limine is hereby **VACATED**.

3. Defendant's July 28, 1997 Motion in Limine is **GRANTED IN PART AND DENIED IN PART**.

A. Plaintiff will be barred from calling Dr. R. Paul McCauley, during the liability phase of the trial, to testify that the Defendant's seizure of and use of force on the Plaintiff was unreasonable.

B. Plaintiff will be permitted to call Dr. McCauley, during the liability phase of the trial, to testify that the Defendant violated proper police procedure when apprehending the Plaintiff.

C. Plaintiff will be permitted to call Dr. Michael H.O. Dawson, during the liability phase of the trial, to testify that the Defen-

dant's tackle broke the metal rods in the Plaintiff's back.

D. We will reserve ruling on whether Plaintiff will be permitted to call Dr. Dawson to testify about the Plaintiff's ability to run on the day he was apprehended by the Defendant.